UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LISANTI,<br><br>            Plaintiff,<br><br>     v.<br><br>RODRIGUEZ,<br><br>            Defendant. | Case No.  1:26-cv-02051-KES-EPG (PC)<br><br>ORDER GRANTING VOLUNTARY DISMISSAL WITHOUT PREJUDICE<br><br>(ECF No. 14) |

Plaintiff Robert Lisanti is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claims for lack of medical care, cruel and unusual punishment, and lack of access to the courts against Defendant Rodriguez. (ECF No. 1).

On March 30, 2026, the Court screened the complaint and concluded that Plaintiff sufficiently stated an Eighth Amendment claim against Defendant Rodriguez for cruel and unusual punishment based on a failure to protect, excessive force, and harassment to proceed past screening. (ECF No. 9). However, the complaint stated no other claims that could proceed past screening. (*Id.* at 11).

The Court gave Plaintiff thirty days to file a notice to proceed on his cognizable claims, file a first amended complaint, or file a notice with the Court that he wanted to stand on his complaint. (*Id.* at 12). The deadline to respond to the screening order expired, and Plaintiff did not file a response. As such, the Court issued its findings and recommendations that the action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

1

(ECF No. 11).

On June 5, 2026, Plaintiff filed a motion for extension to "put this on hold" because he "cannot fill out all that is needed." (ECF No. 12). Plaintiff stated that he will be released from prison on August 20, 2027, that "being in prison does not make anything easy," and that he has had difficulty finding someone to represent him. (*Id.*). The Court declined to stay the action but granted Plaintiff an extension of time until July 9, 2026 to respond to the screening order. (ECF No. 13).

On June 18, 2026, Plaintiff filed a motion to dismiss without prejudice because he does "not have time" to pursue the action and wants to "refile at a later time." (ECF No. 14).

After review, the Court shall construe the Plaintiff's motion to dismiss as a request to voluntarily dismiss the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff has indicated his choice not to pursue the matter at this time because he is unable to pursue the action while incarcerated, and upon his release from custody on August 17, 2027, he may elect to pursue the action with the assistance of an attorney. (*Id.*).

As no defendant has been served, made an appearance, or filed a responsive pleading, Plaintiff's voluntary dismissal has terminated this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

The Clerk of the Court is instructed to close this case.

**IT IS SO ORDERED.**

**DATED:   June 23, 2026**        /s/ Eric P. Grosjean

**UNITED STATES MAGISTRATE JUDGE**

2